**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

TERRENCE DARREN BARFIELD, JR.,

    Plaintiff,

    v.                                                                                   Civil Action No.:  SAG-26-1656

MONTGOMERY COUNTY
  CORRECTIONAL FACILITY,

    Defendant.

**MEMORANDUM AND ORDER**

The above-entitled civil rights action was filed by self-represented Plaintiff Terrence Darren Barfield, Jr., who is currently incarcerated at the Montgomery County Correctional Facility ("MCCF").  Barfield filed a Motion for Leave to Proceed in Forma Pauperis with his complaint which the Court now grants.  ECF No. 2.

Because Barfield is incarcerated, his complaint is subject to screening under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which require this Court to conduct an initial screening of this complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 590 U.S. ___, 140 S.Ct. 1721 (2020).  Barfield's complaint is filed as one alleging the violation of his federal constitutional rights and is brought under 42 U.S.C. § 1983.  ECF No. 1 at 1.  Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, deprives him "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g*., *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub*

*nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

"The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Loftus v. Bobzien*, 848 F.3d 278, 284-85 (4th Cir. 2017); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

Barfield alleges that he attempted to utilize the grievance process at MCCF on various dates spanning from February 14, 2026 through April 6, 2026, but he did not receive a solution in ten days and his grievances were forwarded to the wrong place each time he filed them.  ECF No. 1 at 4.  He states that the "grievance system [is] not being taken serious[ly]."  *Id*.  As relief, he requests a "new protocol for the grievance process" as well as $4,000 in damages. *Id*. at 5.  Barfield states he has suffered no injuries.  *Id*.

Absent a showing of significant hardship, not present here, prisoners have no constitutional right to access programs, including grievance procedures.  *See Sandin v. Conner*, 515 U.S. 472, 493 (1995) (atypical and significant hardship is prerequisite to creation of a constitutionally protected liberty interest).  To the extent that a detainee or prisoner is prevented from utilizing an

established grievance procedure, a constitutional claim arises only where an injury to a protected right occurs such as the loss of an opportunity to bring a meritorious claim to court. *See Lewis v. Casey*, 518 U.S. 343, 399 (1996) (Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts). However, the failure to exhaust administrative remedies is an affirmative defense in federal § 1983 litigation which requires defendants to prove the plaintiff failed to utilize "available" remedies. If administrative remedies were not available, the defense would fail. *See Ross v. Blake*, 578 U.S. 632, 643-44 (2016) (listing three circumstances where inmate's duty to exhaust does not come into play). But here, MCCF is not invoking the affirmative defense. Barfield is bringing a constitutional claim, which is deficient because he alleges no impairment of his ability to bring a meritorious claim to court. He alleges no details about the content of his grievances at all.

In addition, Barfield has not named a proper defendant. Conduct amenable to suit under § 1983 must be conduct committed by a person; MCCF is not a person. Further, Barfield seeks to have this Court intervene in the internal management of the MCCF grievance procedure, which is presumably being administered by prison officials. *See Firewalker-Fields v. Lee*, 58 F.4th 104, 115 (4th Cir. 2023) (noting courts owe substantial deference to prison officials to determine if a regulation is reasonably related to legitimate penological interests), *see also Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 326 (2012) (noting that the "difficulties of operating a detention center must not be underestimated by the courts.") *Sandin*, 515 U.S. at 482-83 (courts are not to determine how prisons should be more beneficently run).

Lastly, Barfield's admission that he has suffered no injury is an admission that he has no standing to bring a lawsuit regarding this matter. To demonstrate standing, "Plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be

3

redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984), *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that the plaintiff must show a causal connection between the *injury and the conduct* complained of to establish standing.)

For these reasons, the complaint fails to state a claim and must be dismissed.  Accordingly, it is this 7th day of May, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  The Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2.  The complaint IS DISMISSED for failure to state a claim;

3.  The Clerk SHALL MAIL a copy of this Memorandum and Order to Barfield; and

4.  The Clerk SHALL CLOSE this case.

/s/
_____
Stephanie A. Gallagher
United States District Judge

4